**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARNELL WASHINGTON,** | ) | **CASE NO. 1:07 CV 15** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **v.** | ) | |
| | ) | |
| **STATE OF OHIO, <u>et al.</u>,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |

Plaintiff Darnell Washington has filed a "Motion to Reopen Case pursuant to Rule 60(b)" ("Rule 60(b) Motion") (**ECF No. 20**). He has also filed a "Motion for Mandatory Hearing" (**ECF No. 21**), a "Motion for Disqualification of Tribunal in 1983" (**ECF No. 22**), and a "Notice Requesting Mandatory Judicial Notice Evid. Rule 201(d)" (**ECF No. 23**), on November 25, 2009. He asks the Court to reconsider its decision on March 19, 2007 to dismiss this action. For the following reasons, the Rule 60(b) Motion (**ECF No. 20**) is **DENIED** on the merits, and the other pending motions (**ECF Nos. 21, 22, 23**) are **DENIED AS MOOT**.

**I.**

Plaintiff filed this action under 42 U.S.C. § 1983 on January 3, 2007, asserting that his convictions in the Ohio Court of Common Pleas were "null and void under the United States Constitution." (ECF No. 1.) He claimed the evidence used to convict him was obtained without a lawful search warrant. (Id.) Thereafter, the Court issued its Memorandum of Opinion and Order dismissing the action. (ECF No. 3). Specifically, the Court determined that his complaint

under §1983 was barred by Heck v. Humphrey, 512 U.S. 477 (1994). (Id.) Washington filed a Motion for Relief from Judgment under Federal Civil Rule 60(b) on March 28, 2007. (ECF No. 5.) That Motion was denied by the Court on April 2, 2007. (ECF No. 6.) Washington filed an appeal to the Sixth Circuit Court of Appeals. (ECF No. 7.) The decision of the District Court was affirmed on January 27, 2009. (ECF No. 17.)

Washington now has filed a second Rule 60(b) Motion, a "Motion for Mandatory Hearing," a "Motion for Disqualification of Tribunal in 1983," and a "Notice Requesting Mandatory Judicial Notice Evid. Rule 201(d),"on November 25, 2009. He alleges he was denied a fair trial. He suggests the judge and the prosecutor assigned to his state court criminal case were engaged in corrupt activities, and asserts there is a probability that they may have conspired to secure his conviction. He contends this constitutes fraud, which would justify relief from the Court's judgment under Federal Civil Procedure Rule 60(b).

## II.

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant

relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993).  The Court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir.1998).

Washington has not demonstrated that he is entitled to relief under Rule 60(b).  He cites fraud as the basis for relief from judgment stating that the common pleas court judge and/or the prosecutor assigned to his criminal case engaged in activities which may have denied him a fair trial.  As an initial matter, a Motion under Federal Civil Procedure Rule 60(b)(1)-(3) must be filed no more than one year after the entry of the judgment.  FED. R CIV. P. 60(c)(1).  The judgment in question was issued on March 19, 2007.  The 60(b) motion was filed on November 25, 2009, well beyond the limitation period.

Moreover, Washington does not allege fraud upon the Court by one of the parties named in this action that justifies relief from the Court's judgment.  He suggests that fraud was used to obtain his state court conviction.  His original complaint contained allegations that he was convicted by evidence obtained without a proper search warrant.  The Court dismissed the case because Washington could not attack his state court conviction in a 1983 action for damages. Heck, 512 U.S. at 477.  The allegations in the Motions still seek to collaterally attack his state conviction.  There are no assertions in the Motion that suggest that this Court's judgment was obtained by fraud.  Accordingly, the second Rule 60(b) Motion is **DENIED**.

### III.

Because Washington did not present a basis for reopening the action, the remaining Motions,  a "Motion for Mandatory Hearing" (ECF #21), a "Motion for Disqualification of

Tribunal in 1983" (ECF #22), and a "Notice Requesting Mandatory Judicial Notice Evid. Rule 201(d)" (ECF # 23), are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                           */s/Dan A. Polster     December 8, 2009*
                                           **District Judge Dan Aaron Polster**
                                           **UNITED STATES DISTRICT JUDGE**